AGNES M. COOPER *vs.* JAMES C. HAMLEN et als.

Cumberland.    Opinion December 24, 1921.

*It is within the discretion of the court to grant a motion requesting that a case be placed on the jury list for trial, where the plaintiff failed to write on the writ itself a claim for jury trial, but did send to the clerk's office a written claim for jury trial, which was filed with the writ before the return day.*

The plaintiff, not being familiar with the laws of this State, by mistake or accident, failed to write on the writ a claim for jury trial, as provided by statute but did send to the clerk's office a letter claiming a trial by jury which was filed with the writ before return day.

Under such circumstances it is within the discretion of the court to grant a motion that the case be placed on the jury list for trial.

On exceptions. An action of tort. The plaintiff did not endorse on her writ her desire for a jury trial in the manner provided by statute, but instead wrote a letter by her attorney to the clerk claiming trial by jury which was filed with the writ before return day. At a subsequent jury term the plaintiff requested that the case be placed on the jury list. She also requested the ruling that her claim for jury trial when filed with the writ became a part of her writ so far as her request for jury trial was concerned. The presiding Justice denied both requested rulings and ruled affirmatively as a matter of law that plaintiff was not entitled to an order placing the case on the jury list, and plaintiff excepted. Exceptions sustained.

The case is stated in the opinion.

*John H. Casey,* for plaintiff.

*Verrill, Hale, Booth & Ives,* for defendants.

SITTING:  CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J.  This is an action of tort, and comes up on exceptions to rulings of the Justice of the Superior Court for the County of Cumberland.

The case may be stated from the exceptions, as follows:

"This action was begun on the second day of April, 1919, by writ returnable to the Superior Court for said county on the first Tuesday of May, to wit, May 6, A. D. 1919, in which the plaintiff is stated to be of Boston, Massachusetts, her action one of tort and her damages put at $10,000.

The plaintiff not being familiar with the laws of Maine, by accident and mistake, as she contends, failed to write on the writ *itself* her claim for jury trial, but did on the first day of May send to the Clerk's office her written claim for jury trial which was received at said office on the second day of said May and filed with said writ on said first Tuesday of May, and has ever since been with said writ on the files of said court. A copy of her said written claim for jury trial is made part hereof and marked Exhibit B.

On the 22d day of October, 1920, the plaintiff made a motion in open court before Sanborn, J., in which she stated the foregoing facts, which were not denied, and introduced said written claim in evidence and requested a ruling that as a matter of law she was entitled to an order that said case be placed on the jury list for trial. She requested the further ruling that her said claim for jury trial when filed with the writ becomes part of her writ so far as said request was concerned.

The court refused to rule as requested and ruled as a matter of law that she was not entitled to such order and denied the motion. To which refusal and denial and ruling the plaintiff excepted and her exceptions were allowed."

The written claim referred to is as follows:

"Re *Agnes M. Cooper* v. *James C. Hamlen* et als.:

Please take notice that the plaintiff claims a trial by jury in the above entitled case returnable the first Tuesday of May.

Yours very truly

AGNES M. COOPER<br>% JOHN H. CASEY."

The question of procedure here involved arises under Sec. 92, Chap. 82, R. S., which provides that "If the plaintiff in either of said superior courts desires a jury trial, he must indorse the same upon his

writ at the time of entry. The defendant shall, within fourteen days after entry, file his pleadings, and if the plaintiff has not demanded a jury, the defendant must indorse on his plea his demand for a jury, if he desires one. But whenever by accident or mistake the plaintiff fails to indorse on his writ at the time of entry a request for a jury trial, or if the defendant by accident or mistake fails to indorse upon his plea, when filed, a demand for a jury, the court may, on motion of either party, at its discretion order a trial by jury in the cause. Whenever a jury is so demanded by either party, or ordered by the court, the clerk shall enter the fact on the docket, and all other cases, except appeals, shall be tried by the justice without the intervention of a jury, subject to exceptions in matters of law, in term time, or if both parties desire, at chambers."

We think the exceptions should be sustained. We are of opinion that the facts and circumstances disclosed by the exceptions bring the case clearly within the meaning and intent of the statute, and that the reasons stated constitute in this case accident or mistake. It is not a case of neglect to move for a jury trial, but a mistake in acting; neither is it a case where a waiver may be fairly claimed, for the same reason. It was not a voluntary surrender of a known right, but a mistaken attempt to assert a known right.

Against the plaintiff's motion the defendant's counsel urge "that statutes of this sort should be complied with literally and the defendants can find no ground in reason and authority in law for any such lax doctrine as that contended for by the plaintiff." We cannot adopt this view. We think it is plain that the Legislature did not so intend; for if such had been the case, the language creating the discretion would have been omitted. Discretion was created for a purpose, created to be exercised in a proper case such as this.

In view of the broad discretionary power given by the statute, the court could remedy the mistake if it desired to do so, and was therefore not debarred from acting as a matter of law.

The fact that a letter was filed with the writ, instead of indorsing notice on the writ as required by the statute, should not deprive a party of a constitutional right as a matter of law. We are of opinion that the motion for an order to have the case placed on the jury list for trial should have been granted.

The ruling of the Justice presiding, as a matter of law, that the plaintiff was not entitled to such order, was in effect expressly deny-

ing that the trial court had the power, in the exercise of its discretion, to grant the motion. The motion could have been granted in the discretion of the court. *Washburn* v. *Allen,* 77 Maine, 344.

*Exceptions sustained.*